UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CERIM AVDIC,                                                                    Civ. Action No.:

                              Plaintiff,

   -against-

ANDREW JACKSON REALTY CO., L.P., SIBLING
MANAGEMENT INC., SHELDON HOFFMAN,
and GARY HOFFMAN,

                              Defendants.
-------------------------------------------------------------------X

## COMPLAINT

Plaintiff, CERIM AVDIC ("Plaintiff"), as and for his Complaint against Defendants, ANDREW JACKSON REALTY CO., L.P., SIBLING MANAGEMENT INC., SHELDON HOFFMAN, and GARY HOFFMAN (collectively, "Defendants"), respectfully alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and Title 12, Part 141, of the New York Codes, Rules, and Regulations ("NYCRR"), to recover lost wages and other relief related to his employment with Defendants.

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff is an adult male currently residing in the State of New York.

6. According to the New York State Department of State, Division of Corporations, Defendant, ANDREW JACKSON REALTY CO., L.P. ("AJ Realty") is a domestic limited partnership duly organized and existing under the laws of the State of New York.

7. Upon information and belief, Defendant AJ Realty maintains a principal place of business located at 2607 Nostrand Avenue, Brooklyn, New York 11210.

8. According to the New York State Department of State, Division of Corporations, Defendant SIBLING MANAGEMENT INC. ("Sibling Management") is a New York domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. According to the New York State Department of State, Division of Corporations, Defendant Sibling Management maintains a Principle Executive Office located at 2607 Nostrand Avenue, Brooklyn, New York 11210.

10. Upon information and belief, Defendants AJ Realty and Sibling Management were and are owned, operated, and controlled by Defendants SHELDON HOFFMAN ("S. Hoffman") and GARY HOFFMAN ("G. Hoffman").

11. Upon information and belief, Defendants AJ Realty and Sibling Management were and are part of a single integrated enterprise that jointly employed Plaintiff.

12. Upon information and belief, Defendants AJ Realty and Sibling Management's operations were and are interrelated and unified.

13. Upon information and belief, at all relevant times, Defendants AJ Realty and Sibling Management shared common management, were centrally controlled, and/or were owned by Defendants S. Hoffman and G. Hoffman.

14. Upon information and belief, at all relevant times, Defendants AJ Realty and Sibling Management shared employees, equipment, and supplies.

15. Upon information and belief, Defendants AJ Realty and Sibling Management own and/or manage a residential apartment building located at 68-64 Yellowstone Boulevard, Forest Hills, New York 11375 that contains approximately 115 residential units and 1 commercial unit.

16. At all relevant times, Defendants AJ Realty and Sibling Management maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

17. Upon information and belief, Defendant S. Hoffman is a resident of the State of New York.

18. Upon information and belief, at all relevant times, Defendant S. Hoffman was and continues to be an owner, officer, director, member, managing agent, and/or managing partner of Defendant AJ Realty.

19. Upon information and belief, at all relevant times, Defendant S. Hoffman was and continues to be an owner, corporate officer, director, and/or managing agent of Defendant Sibling Management.

20. According to the New York State Department of State, Division of Corporations, Defendant S. Hoffman is the Chief Executive Officer of Defendant Sibling Management.

21. Upon information and belief, at all relevant times, Defendant S. Hoffman exercised operational control over Defendants AJ Realty and Sibling Management, controlled significant

business functions of Defendants AJ Realty and Sibling Management, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Defendants AJ Realty and Sibling Management in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

22. Upon information and belief, at all relevant times, Defendant S. Hoffman participated in running the daily operations of Defendants AJ Realty and Sibling Management.

23. Upon information and belief, at all relevant times, Defendant S. Hoffman participated in the management and supervision of Plaintiff and his work for Defendants AJ Realty and Sibling Management.

24. Upon information and belief, Defendant G. Hoffman is a resident of the State of New York.

25. Upon information and belief, at all relevant times, Defendant G. Hoffman was and continues to be an owner, officer, director, member, managing agent, and/or managing partner of Defendant AJ Realty.

26. Upon information and belief, at all relevant times, Defendant G. Hoffman was and continues to be an owner, corporate officer, director, and/or managing agent of Defendant Sibling Management.

27. Upon information and belief, at all relevant times, Defendant G. Hoffman exercised operational control over Defendants AJ Realty and Sibling Management, controlled significant business functions of Defendants AJ Realty and Sibling Management, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Defendants AJ Realty and Sibling Management in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

28. Upon information and belief, at all relevant times, Defendant G. Hoffman participated in running the daily operations of Defendants AJ Realty and Sibling Management.

29. Upon information and belief, at all relevant times, Defendant G. Hoffman participated in the management and supervision of Plaintiff and his work for Defendants AJ Realty and Sibling Management.

30. Upon information and belief, at all times relevant, Defendants jointly employed Plaintiff.

31. Each Defendant had substantial control over Plaintiff's working conditions and over the unlawful policies and practices alleged herein.

32. As such, Defendants AJ Realty, Sibling Management, S. Hoffman, and G. Hoffman are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

## FACTS

33. Plaintiff was employed for the benefit of and at the direction of Defendants from on or about May 2008 until on or about June 8, 2020.

34. Plaintiff was employed as a porter at Defendants' residential apartment building located at 68-64 Yellowstone Boulevard, Forest Hills, New York 11375.

35. In addition to employing Plaintiff as a porter, Defendants also employed a superintendent to maintain the residential apartment building. Upon information and belief, the superintendent was responsible for, among other things, painting and making repairs in the apartments and common areas.

36. During Plaintiff's employment, Plaintiff's primary duties at Defendants' residential apartment building included vacuuming and mopping the halls and common areas, sweeping and

5

shoveling the sidewalks, taking care of the garbage and recyclables, cleaning the compactor room, cleaning the laundry room, and filling in for the superintendent on an as needed basis.

37. Throughout Plaintiff's employment, Plaintiff was not required to punch-in or -out of his daily shifts, or to track his time worked in any other manner.

38. Upon information and belief, Defendants failed to keep and maintain accurate records reflecting the actual time that Plaintiff worked each day and each week.

39. During the relevant period of Plaintiff's employment (from six years prior to the filing of this Complaint until the end of his employment), Plaintiff typically worked six (6) days per week as follows: Monday, Wednesday, and Thursday from about 8:00 a.m. until about 4:00 p.m.; Tuesday and Friday from about 8:00 a.m. until about 5:30 p.m.; and, Saturday from about 8:00 a.m. until about 1:00 p.m.

40. During this time, Plaintiff did not take and did not receive uninterrupted meal breaks during his shifts.

41. During this time, Plaintiff generally worked about forty-eight (48) hours per week.

42. During the relevant period of his employment, Defendants paid Plaintiff an hourly rate of pay, but for only those hours worked up to forty (40) per week.

43. During the relevant period of his employment, Defendants did not pay Plaintiff his regular rate of pay for all hours worked beyond forty (40) per week.

44. During the relevant period of his employment, Defendants did not pay Plaintiff overtime compensation at a rate of one-and-one-half times his regular rate of pay for all hours worked in excess of forty (40) per week.

45. During the relevant period of his employment, Defendants failed to provide Plaintiff with complete and accurate earnings statements, paystubs, or any other type of complete and accurate wage statement along with his weekly earnings, as required by NYLL § 195(3).

46. Defendants failed and refused to Plaintiff any wages at all for the final week of his employment.

47. Defendants S. Hoffman and G. Hoffman participated in the decision to hire Plaintiff.

48. Defendants S. Hoffman and G. Hoffman participated in the decision to fire Plaintiff.

49. Defendants S. Hoffman and G. Hoffman participated in deciding the job duties that Plaintiff performed on a daily basis.

50. Defendants S. Hoffman and G. Hoffman participated in the daily supervision of Plaintiff's job duties and responsibilities.

51. Defendants S. Hoffman and G. Hoffman participated in setting Plaintiff's work schedule.

52. Defendants S. Hoffman and G. Hoffman participated in deciding the hours that Plaintiff worked each week.

53. Defendants S. Hoffman and G. Hoffman participated in deciding the manner in which Plaintiff was paid.

54. Defendants S. Hoffman and G. Hoffman participated in deciding the compensation Plaintiff was paid.

55. Defendants S. Hoffman and G. Hoffman participated in running the day-to-day operations of Defendants AJ Realty and Sibling Management during Plaintiff's employment.

56. Defendants managed Plaintiff's employment, including the amount of time worked and the rates that they were paid.

57. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

58. Defendants were aware of Plaintiff's work hours but failed to pay him the proper wages to which he was entitled under the law.

59. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ*.
## FAILURE TO COMPENSATE FOR OVERTIME

60. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

61. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

62. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendants AJ Realty and Sibling Management are an enterprise engaged in commerce or in the production of goods for commerce.

63. At all times relevant to this Complaint, Defendants AJ Realty and Sibling Management had, and continue to have, two (2) or more employees handle goods or materials that

have moved in interstate commerce, including Plaintiff who worked as a porter and handled cleaning supplies and equipment that originated outside of the State of New York.

64. Upon information and belief, the gross annual volume of sales made or business done by Defendants AJ Realty and Sibling Management for the years 2017, 2018, and 2019 was not less than $500,000.00.

65. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

66. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

67. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

68. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

69. However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during the relevant period of his employment.

70. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

71. Defendants did not act in good faith with respect to the conduct alleged herein.

72. As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

73. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

74. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of NYLL §§ 2 and 651.

75. Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA.

76. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the NYLL and the Regulations pertaining thereto.

77. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendants.

78. Plaintiff was not exempt from the overtime provisions of the NYLL during the relevant period of his employment because he did not meet the requirements for any of the reduced number of exemptions available under New York law.

79. Defendants acted willfully and either knew that their conduct violated the NYLL or showed a reckless disregard for the matter of whether their conduct violated the NYLL.

80. Defendants did not act in good faith with respect to the conduct alleged herein.

81. As a result of Defendants' violations of the NYLL, Plaintiffs incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6
## FAILURE TO PAY REGULAR WAGES

82. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

83. During Plaintiff's employment, Defendants suffered and permitted Plaintiff to work numerous hours each week without paying him the wages to which he was and is entitled.

84. Defendants' failure to pay Plaintiff the wages that he earned constitutes outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

85. Defendants have acted willfully and either knew that their conduct violated the NYLL or have shown reckless disregard for the matter of whether their conduct violated the NYLL.

86. Defendants have not acted in good faith with respect to the conduct alleged herein.

87. As a result of Defendants' violations of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, CPLR interest, attorneys' fees, and costs of litigation.

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

88. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

89. Defendants willfully failed to provide Plaintiff with complete and accurate wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof;

11

deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

90. Through their knowing and intentional failure to provide Plaintiff with complete and accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

91. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendants and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

2. Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation and/or regular wages;

3. Willfully violated the provisions of the NYLL by failing to provide Plaintiff with wage statements;

B. Award compensatory damages, including all overtime compensation and/or regular wages owed, in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award statutory damages under the NYLL;

E. Award interest on all NYLL overtime compensation and/or regular wages due accruing from the date such amounts were due;

F. Award all costs and attorneys' fees incurred in prosecuting this action; and

G. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
June 19, 2020

_____
Neil H. Greenberg, Esq.
Keith E. Williams, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
nhglaw@nhglaw.com
keith@nhglaw.com

- 1 -

# FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in ***Advic v. Andrew Jackson Realty CO., L.P., et al.*** in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Massapequa, New York
       June **12**, 2020

                                                  */s/ Cerim Advic*
                                                  Mr. Cerim Advic