## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between, on the one hand, CERIM AVDIC ("Planitiff") and, on the other hand, ANDREW JACKSON REALTY CO., L.P. ("Andrew Jackson Realty"), SIBLING MANAGEMENT INC. ("Sibling Management"), SHELDON HOFFMAN ("S. Hoffman"), and GARY HOFFMAN ("G. Hoffman") (collectively, "Defendants") (Defendants and Plaintiff collectively, the "Parties" and each individually a "Party").

**WHEREAS**, on or about June 19, 2020, Plaintiff initiated legal action against Defendants in the United States District Court for the Eastern District of New York (the "Court"), entitled *Avdic v. Andrew Jackson Realty Co., L.P., et al.*, 20-CV-2742 (PPK)(SJB) (the "Action"), in which Plaintiff alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"); and,

**WHEREAS**, in the Complaint, Plaintiff has alleged, among other things, that Defendants failed to pay him overtime wages due in connection with services that he performed on Defendants' behalf; and,

**WHEREAS**, Defendants deny all liability and all allegations of wrongdoing made by Plaintiff and the Court has not made any findings with respect to the merits of any of the claims asserted in the Complaint or otherwise; and,

**WHEREAS**, the Parties desire to resolve all disagreements between them, including those asserted in the Complaint, in an amicable manner without the expense and aggravation of further litigation and without admission of liability or wrongdoing by anyone;

**NOW, THEREFORE**, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1. **Consideration:** The Parties are entering into this Agreement in exchange for good and valuable consideration. Plaintiff agrees that he will not seek any further consideration from Defendants, including any monetary payment, beyond that which is set forth in Paragraph 2 below, in relation to the released claims in Paragraph 4 below. In addition, Plaintiff agrees that the amounts being paid to him represents all alleged unpaid overtime and other alleged damages relating to his FLSA and NYLL claims from the commencement of his employment with Defendants to the present, including interest, monetary penalties, liquidated damages, and attorneys' fees and costs.

2. **Settlement Amount and Payment:** As a full settlement and final satisfaction of the FLSA and the NYLL claims that Plaintiff has, had, or may have against Defendants, and in consideration for the agreements and obligations set forth herein, including, but not limited to, the limited release set forth in Paragraph 4 below, Defendants agree to pay Plaintiff the total sum of Seventy-Thousand Dollars and Zero Cents ($70,000.00) ("Settlement Amount") as follows:

   a. Beginning on October 1, 2021 and continuing for an additional six (6) consecutive months thereafter, on the first day of each such month, Defendants shall deliver to Neil H. Greenberg & Associates, P.C., 4242 Merrick Road, Massapequa, New York 11758 a check made payable to "NEIL H. GREENBERG & ASSOCIATES, P.C., as attorneys" in the amount of Ten-Thousand Dollars and Zero Cents ($10,000.00), for a total of seven (7) such payments totaling Seventy-Thousand Dollars and Zero Cents ($70,000.00). Each such payment shall be allocated as follows:

     i. Six-Thousand Three-Hundred Seventy Dollars and Eighty Cents ($6,370.80) to Plaintiff, representing payment of alleged unpaid wages, liquidated damages, punitive damages, and statutory interest. The Parties agree that Defendants shall report all such monthly amounts as income to Plaintiff on an IRS Form 1099 with box #3 checked;

     ii. Three-Thousand Six-Hundred Twenty-Nine Dollars and Twenty Cents ($3,629.20) to NEIL H. GREENBERG & ASSOCIATES, P.C., representing attorneys' fees and disbursements, to be reflected on an IRS Form 1099.

   b. For the avoidance of doubt, of the amounts represented in this Paragraph, Plaintiff shall receive a total of Forty-Four-Thousand Five-Hundred Ninety-Five Dollars and Sixty Cents ($44,595.60), and Neil H. Greenberg & Associates, P.C. shall receive Twenty-Five-Thousand Four-Hundred Four Dollars and Forty Cents ($25,404.40).

   c. Prior to Plaintiff submitting his Motion For Settlement Approval of a Fair Labor Standards Act Case ("Motion for FLSA Approval"), Defendants shall receive a fully executed IRS Form W-9 from Plaintiff and Plaintiff's attorneys.

   d. Plaintiff agrees and affirms that the Settlement Amount described in this Paragraph shall constitute the entire amount of monetary consideration provided to Plaintiff and Plaintiff's legal counsel, and is inclusive of any claim for attorneys' fees, costs, interest, and/or other expenses. Except as provided in this Agreement, no other payments are owed to Plaintiff relating to his FLSA and NYLL claims.

   e. Defendants agree that the Court may retain jurisdiction over this Action to enforce this Agreement and the payments set forth in this Paragraph.

  **3.** **<u>Failure to Make Timely Payment</u>:**

   a. If Defendants fail to timely pay any portion of the Settlement Amount as set forth in Paragraph 2 above ("Default"), the Settlement Amount will automatically increase Twenty Percent (20%) to Eighty-Four-Thousand Dollars and Zero Cents ($84,000.00), less any payments made to date, and become due immediately, subject to the Notice of Default and Cure Period discussed in Paragraph 3(d) below.

   b. In the event of such a Default, Plaintiff will be entitled to enter a Judgment by Confession against Defendants, jointly and severally, in the amount of Eighty-Four-Thousand

Dollars and Zero Cents ($84,000.00), less any payments made to date, subject to the Notice of Default and Cure Period discussed in Paragraph 3(d) below.

        c.      Defendants S. Hoffman and G. Hoffman shall each execute an Affidavit of Judgment by Confession in the form annexed hereto on behalf of themselves, as well as on behalf of Defendants Andrew Jackson Realty and Sibling Management. The Affidavits of Judgment by Confession shall be held in escrow by Plaintiff's legal counsel, Neil H. Greenberg & Associates, P.C., and the original and any photocopies/duplicates of same shall be returned to Defendants' legal counsel or destroyed upon the completion of the payments by Defendants as set forth above.

        d.      Prior to the automatic increase pursuant to Paragraph 3(a) above and prior to entering any Judgment by Confession pursuant to Paragraph 3(b) above, Plaintiff shall serve a written Notice of Default on Defendants, and Defendants shall have ten (10) business days from the service of the Notice of Default (the "Cure Period") to cure any such Default. The Notice of Default shall be served pursuant to Paragraph 23 below. Plaintiff shall not be entitled to file the Affidavit of Judgment by Confession if Defendants cure the Default within said ten (10) business day period.

    **4.**    **<u>Mutual General Release:</u>**

        a.      In exchange for and in consideration of the covenants and promises contained herein, Plaintiff hereby waives, discharges, and forever releases Defendants from any and all actions, causes of action, proceedings, damages, judgments, obligations, liabilities, suits, debts, attorneys' fees, costs, sums of money, wages, bonuses, contracts, agreements, promises, benefits of any type, accounts, reckonings, bonds, bills, specialties, controversies, claims, and demands whatsoever, in law or in equity, whether known or unknown, under any claim arising under any federal, state, or local statute, ordinance, rule, common law, constitution, regulation, order, or collective bargaining agreement, which Plaintiff has, had, or may have against Defendants, contingent or otherwise, and whether specifically mentioned or not, from the beginning of time through the date that Plaintiff executes this Agreement. This release specifically includes, but is not limited to:

- The Americans with Disabilities Act;
- Title VII of the Civil Rights Act;
- Civil Rights Act of 1991;
- The Age Discrimination in Employment Act ("ADEA");
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act (except for any vested benefits under any tax qualified benefit plan, including but not limited to, Roth and Standard 401(k) accounts);
- The Fair Credit Reporting Act;
- The Immigration Reform Control Act;
- The Rehabilitation Act;

- The Family and Medical Leave Act;
- The Equal Pay Act;
- The Uniformed Services Employment and Reemployment Rights Act;
- Worker Adjustment and Retraining Notification Act;
- Employee Polygraph Protection Act;
- The Fair Labor Standards Act;
- The New York Labor Law;
- The New York City Human Rights Law;
- New York statutes regarding Whistleblower Protection; Personnel Files; Criminal Records; Wage Complaints: Retaliation;
- any other federal, state or local civil rights law, wage and hour laws, whistle-blower law or any other local, state or federal law, regulation or ordinance;
- any public policy, contract (oral, written or implied), tort, equity, constitution or common law;
- any claims for vacation, sick or personal leave pay, short term or other disability benefits, or payment pursuant to any practice, policy, handbook or manual; or
- any basis for costs, fees, or other expenses including attorneys' fees.

b.  In exchange for and in consideration of the covenants and promises contained herein, Defendants hereby waive, discharge, and forever release Plaintiff from any and all actions, causes of action, proceedings, damages, judgments, obligations, liabilities, suits, debts, rents, attorneys' fees, costs, sums of money, wages, bonuses, contracts, agreements, promises, benefits of any type, accounts, reckonings, bonds, bills, specialties, controversies, claims, liens, loans, notes, and demands whatsoever, in law or in equity, whether known or unknown, under any claim arising under any federal, state, or local statute, ordinance, rule, common law, constitution, regulation, order, or collective bargaining agreement, which Defendants have, had, or may have against Plaintiff, contingent or otherwise, and whether specifically mentioned or not, from the beginning of time through the date that Defendants, respectively, execute this Agreement.

c.  Notwithstanding the foregoing, (i) Plaintiff is not waiving any rights he may have to benefits and/or the right to seek benefits under applicable workers' compensation statutes, unemployment compensation statutes, and/or any health, welfare, or retirement benefit plan; and, (ii) the Parties are not waiving any rights (a) they may respectively have to pursue claims which by law cannot be waived by signing this Agreement; or, (b) they may have under the terms of this Agreement, including without limitation the right to enforce and/or challenge the validity of this Agreement.

5.  **ADEA Release:** Plaintiff may revoke his release of his potential ADEA claim for a period of seven (7) days following the date he individually signs this agreement. Any timely

revocation must be submitted, in writing and delivered pursuant to Paragraph 23 below and state, "I hereby revoke my acceptance of the release of my potential ADEA claims." Plaintiff has been advised to consult with, and has in fact consulted with, his attorney to obtain advice about his ADEA rights and obligations under this Agreement. Plaintiff has been advised that he has up to twenty-one (21) calendar days to consider this agreement. Plaintiff represents that he has carefully consider this Agreement after having read it. Plaintiff agrees that any modifications, material or otherwise, made to this Agreement, do not restart or affect in any manner the original twenty-one (21) calendar day consideration period.

      **6.** **Covenant Not to Sue:**  The Parties agrees not to file a lawsuit or commence any other legal proceeding against the other concerning any matter released in this Agreement. Should any proceedings be instituted with respect to matters released herein, this Agreement shall be deemed in full and complete accord, satisfaction, and settlement of any such released matter and a sufficient basis for the dismissal of such proceeding. If a Party breaches this Paragraph, as determined by a Court of competent jurisdiction, the non-breaching Party will be entitled to seek recovery of their costs, including reasonable attorneys' fees, relating to the enforcement of this Agreement and/or defense of such claims, provided that the non-breaching Party is a prevailing party.

      **7.** **Third-Party Beneficiary:** Defendants agree and acknowledge that Neil H. Greenberg & Associates, P.C. is an Intended Third-Party Beneficiary of this Agreement and is entitled to the rights and benefits of that portion of the Settlement Amount allocated to Neil H. Greenberg & Associates, P.C. in Paragraph 2 above, and may enforce the provisions of this Agreement as if it were a party hereto. If Defendants breach Paragraph 2 above as it pertains to that portion of the Settlement Amount allocated to Neil H. Greenberg & Associates, P.C., as determined by a Court of competent jurisdiction, Neil H. Greenberg & Associates, P.C. will be entitled to seek that portion of the Settlement Amount allocated to it as described therein and shall be entitled to reasonable attorneys' fees and costs incurred in enforcing its rights under this Agreement, provided that Neil H. Greenberg & Associates, P.C. is a prevailing party.

      **8.** **Filing of Stipulation of Dismissal with Prejudice:**  Contemporaneously with the execution of this Agreement, Defendants shall authorize their counsel to execute a Stipulation of Dismissal with Prejudice on their behalf, which will be held in escrow by Plaintiff's counsel. Upon the Court granting Plaintiff's Motion for FLSA Approval, Plaintiff shall authorize his counsel to execute the Stipulation of Dismissal with Prejudice on his behalf and file it with the Court. If the Court does not grant Plaintiff's Motion for FLSA Approval, Plaintiff shall be under no obligation to execute or file the Stipulation of Dismissal with Prejudice.

      **9.** **Taxes:** On or about January 31, 2022 and January 31, 2023, Plaintiff shall receive from Defendants and Defendants shall file with the Internal Revenue Service an IRS Form 1099 reflecting payment to Plaintiff of the Settlement Amount which was received by him in the prior calendar year. Plaintiff expressly acknowledges and agrees that he is responsible for the payment of all federal, state, and local taxes, if any, that is required by law to be paid by him with respect to the Settlement Amount in Paragraph 2 above. Plaintiff acknowledges and assumes all respective responsibility for paying those amounts, if any, except for Defendants' portion of FICA and/or FUTA, if any. Plaintiff acknowledges that he has not received any tax advice, other than to seek advice from a tax professional, from any party or attorney appearing in this Action.

**10.** **No Admission of Liability:** Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability, or assessment of liability by Defendants under any law, ordinance, rule, regulation, policy, or order with respect to any claim that Plaintiff has asserted, could have asserted, or may assert in connection with Plaintiff's employment with Defendants. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

**11.** **No Pending Claims:** Plaintiff hereby represents that other than the Complaint, he has no pending actions (either jointly or individually), administrative charges or complaints, grievances, or arbitrations involving the released claims against any of the parties with any federal, state, or local administrative agency, judicial tribunal, arbitration tribunal, or otherwise.

**12.** **Choice of Law and Forum:** This Agreement shall in all respects be interpreted, enforced, and governed in accordance with and pursuant to the laws of the State of New York, without regard to conflicts of law principles. Any dispute, claim, or cause of action arising out of, or related to, this Agreement shall be commenced only in a court of competent jurisdiction located in Queens County, New York or the United States District Court for the Eastern District of New York. Such courts shall have exclusive jurisdiction over such claim, dispute, or disagreement, and the Parties consent to the personal jurisdiction of those courts. The parties expressly waive the right to a jury trial in any dispute, claim, or cause of action arising out of, or related to, this Agreement.

**13.** **Effective Date:** This Agreement shall become effective as of the date the Court grants Plaintiff's Motion for FLSA Approval. In the event the Court does not grant Plaintiff's Motion for FLSA Approval, this Agreement will be null and void.

**14.** **Entire Agreement:** The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes and replaces any and all prior agreements, contracts, promises, understandings, or representations of any kind, whether oral or written, express or implied, between the Parties hereto. There is no other agreement except as stated herein. Each Party acknowledges that the other has made no promises other than those contained in this Agreement.

**15.** **Severability:** The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision(s) shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

**16.** **Modification and Waiver:** This Agreement may not be changed, modified, or supplemented unless such change, modification, or supplementation is in writing and signed by the Parties. No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived. The failure of any Party to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that Party of the right thereafter to insist upon strict adherence to that term or any other term hereof.

**17.** **Neutral Construction and Fair Meaning:** Each party to this Agreement was represented by counsel who had the opportunity to review and participate in the drafting of this

Agreement and, accordingly, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party will not be employed or used in any interpretation or enforcement of this Agreement. Accordingly, the language and all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any particular Party hereto.

**18.   Assignment of Claims:** Plaintiff hereby represents and warrants that he has not assigned or transferred or purported to assign or transfer to anyone any claim, action, or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

**19.   Counterparts:** This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it and all of which taken together shall constitute one and the same documents. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

**20.   Headings:** The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

**21.   Facsimile, Email, and Electronic Signatures:** A facsimile or email copy of this Agreement will have the same force and effect as the original. The use of an electronic signature shall have the same validity and effect as the use of a signature affixed by hand, and the parties hereby waive any objection to the contrary.

**22.   Competence and Authority to Execute Agreement:** The undersigned individuals hereby warrant and represent that they are fully competent and have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and/or entities for which or for whom they have signed, and that they are acting within the scope of their authority.

**REMAINDER OF THIS PAGE LEFT BLANK**

**23. Notices:** Any notice that the Parties are required to give to the other(s) pursuant to this Agreement shall be addressed to such other Party as set forth below and delivered via USPS First Class Mail and electronic mail. Notice shall be deemed served from the date of such mailing. If multiple Parties are represented by the same attorney, only one notice to such attorney shall be necessary.

| Plaintiff | Defendants |
|---|---|
| Keith E. Williams, Esq.<br>Neil H. Greenberg & Associates, P.C.<br>*Attorneys for the Plaintiff*<br>4242 Merrick Road<br>Massapequa, New York 11758<br>keith@nhglaw.com<br>cc: nhglaw@nhglaw.com | Ira A. Sturm, Esq.<br>Raab, Sturm & Ganchrow, LLP<br>*Attorneys for the Defendants*<br>2125 Center Avenue, Suite 100<br>Fort Lee, New Jersey 07024<br>isturm@rsgllp.com |

**AGREED:**

*[DocuSigned by: Cerim Avdic]*
_____  Dated: 9/14/2021
**CERIM AVDIC**


_____  Dated: _____
**ANDREW JACKSON REALTY CO., L.P.**
By: Sheldon Hoffman


_____  Dated: _____
**SIBLING MANAGEMENT INC.**
By: Sheldon Hoffman


_____  Dated: _____
**SHELDON HOFFMAN**


_____  Dated: _____
**GARY HOFFMAN**

23. **Notices:** Any notice that the Parties are required to give to the other(s) pursuant to this Agreement shall be addressed to such other Party as set forth below and delivered via USPS First Class Mail and electronic mail. Notice shall be deemed served from the date of such mailing. If multiple Parties are represented by the same attorney, only one notice to such attorney shall be necessary.

| Plaintiff | Defendants |
|---|---|
| Keith E. Williams, Esq.<br>Neil H. Greenberg & Associates, P.C.<br>*Attorneys for the Plaintiff*<br>4242 Merrick Road<br>Massapequa, New York 11758<br>keith@nhglaw.com<br>cc: nhglaw@nhglaw.com | Ira A. Sturm, Esq.<br>Raab, Sturm & Ganchrow, LLP<br>*Attorneys for the Defendants*<br>2125 Center Avenue, Suite 100<br>Fort Lee, New Jersey 07024<br>isturm@rsgllp.com |

**AGREED:**

_____  Dated: _____
**CERIM AVDIC**

[signature]  Dated: SEP 15 2021
**ANDREW JACKSON REALTY CO., L.P.**
By: Sheldon Hoffman

[signature]  Dated: SEP 15 2021
**SIBLING MANAGEMENT INC.**
By: Sheldon Hoffman

[signature]  Dated: SEP 15 2021
**SHELDON HOFFMAN**

[signature]  Dated: SEP 15 2021
**GARY HOFFMAN**

- 8 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CERIM AVDIC,                                        20-CV-2742 (RPK)(SJB)

                    Plaintiff,                  AFFIDAVIT FOR JUDGMENT BY
                                                                CONFESSION
   -against-

ANDREW JACKSON REALTY CO., L.P.,
SIBLING MANAGEMENT INC., SHELDON
HOFFMAN, and GARY HOFFMAN,

                    Defendants.
------------------------------------------------------------X

GARY HOFFMAN, being duly sworn, deposes and says:

    1.    I reside at **REDACTED**

    2.    I am an Individual Defendant named in the above-captioned action (the "Action").

    3.    I am a principal and authorized agent of Defendants, ANDREW JACKSON REALTY CO., L.P. ("Andrew Jackson Realty") and SIBLING MANAGEMENT INC. ("Sibling Management"), named in the Action.

    4.    I am duly authorized to make this affidavit in support of the application of Plaintiff, CERIM AVDIC ("Plaintiff"), for the entry of a Judgment by Confession against me, individually, and against Defendants Andrew Jackson Realty and Sibling Management.

    5.    I hereby authorize the entry of Judgment by Confession to be entered with the clerk of any court of competent jurisdiction located in the County of Nassau, State of New York.

    6.    This Judgment by Confession is for a debt justly due to Plaintiff arising out of the following facts:

        a.    In or about August 2021, Defendants in the Action agreed to pay Plaintiff the total sum of Seventy-Thousand Dollars and Zero Cents ($70,000.00) (the "Settlement Amount") in exchange for the dismissal of the Action, with

        prejudice, and the Parties thereto executed a Settlement Agreement and Release (the "Agreement");

    b.    The Parties also agreed that in the event that Defendants failed to adhere to the payment schedule required in Paragraph 2 of the Agreement, Plaintiff would be entitled to enter a Judgment by Confession against Defendants, jointly and severally, in the amount of Eighty-Four-Thousand Dollars and Zero Cents ($84,000.00), less any payments made to date, as defined in the Agreement;

    c.    Under the terms of the Agreement, Defendants Gary Hoffman and Sheldon Hoffman each agreed to execute an Affidavit for Judgment by Confession on behalf of themselves and Defendants Andrew Jackson Realty and Sibling Management, to be held in escrow by Plaintiff's attorneys, Neil H. Greenberg & Associates, P.C.;

    d.    Plaintiff agreed that prior to entering any Judgment by Confession, Plaintiff would serve a written Notice of Default on Defendants, through their counsel of record in the Action;

    e.    Plaintiff further agreed that such Notice of Default would provide Defendants ten (10) business days to cure any such default and that Plaintiff will not be entitled to file the Affidavit of Judgment by Confession if Defendants cure the Default within said ten-day period.

7.    I hereby confess judgment in favor of Plaintiff and against myself and Defendants Andrew Jackson Realty and Sibling Management, jointly and severally, for the sum of Eighty-Four-Thousand Dollars and Zero Cents ($84,000.00), less any payments made to date, pursuant to the Settlement Agreement entered into between the parties in the Action, and hereby authorize Plaintiff, his heirs, executors, administrators, or assigns to enter judgment for that sum against ANDREW JACKSON REALTY CO., L.P., SIBLING MANAGEMENT INC., and GARY HOFFMAN, jointly and severally.

8.    In the event of such a Default and subsequent entry of Judgment by Confession, in addition to the confessed amount described in Paragraph 6, I agree to pay and be indebted to Plaintiff for the attorneys' fees and costs incurred in entering and enforcing the Judgment and interest on the Judgment.

- 3 -

9. This Affidavit for Judgment by Confession is not for the purpose of securing the plaintiff against a contingent liability nor is it based upon a consumer credit transaction.

Dated: _____, New York
       _____, 2021

                                              _____
                                              GARY HOFFMAN, Individually, and on behalf of ANDREW JACKSON REALTY CO., L.P. and SIBLING MANAGEMENT INC.

STATE OF NEW YORK  )
                            ) ss.:
COUNTY OF _____  )

On _____, 2021, before me personally came GARY HOFFMAN, to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit for Judgment by Confession, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

CERIM AVDIC,                                       20-CV-2742 (RPK)(SJB)

                    Plaintiff,                      **AFFIDAVIT FOR JUDGMENT BY CONFESSION**

    -against-

ANDREW JACKSON REALTY CO., L.P.,
SIBLING MANAGEMENT INC., SHELDON
HOFFMAN, and GARY HOFFMAN,

                    Defendants.
-----------------------------------------------------------X

SHELDON HOFFMAN, being duly sworn, deposes and says:

    1.    I reside at **REDACTED**

    2.    I am an Individual Defendant named in the above-captioned action (the "Action").

    3.    I am a principal and authorized agent of Defendants, ANDREW JACKSON REALTY CO., L.P. ("Andrew Jackson Realty") and SIBLING MANAGEMENT INC. ("Sibling Management"), named in the Action.

    4.    I am duly authorized to make this affidavit in support of the application of Plaintiff, CERIM AVDIC ("Plaintiff"), for the entry of a Judgment by Confession against me, individually, and against Defendants Andrew Jackson Realty and Sibling Management.

    5.    I hereby authorize the entry of Judgment by Confession to be entered with the clerk of any court of competent jurisdiction located in the County of Nassau, State of New York.

    6.    This Judgment by Confession is for a debt justly due to Plaintiff arising out of the following facts:

        a.    In or about August 2021, Defendants in the Action agreed to pay Plaintiff the total sum of Seventy-Thousand Dollars and Zero Cents ($70,000.00) (the "Settlement Amount") in exchange for the dismissal of the Action, with

        prejudice, and the Parties thereto executed a Settlement Agreement and Release (the "Agreement");

    b.    The Parties also agreed that in the event that Defendants failed to adhere to the payment schedule required in Paragraph 2 of the Agreement, Plaintiff would be entitled to enter a Judgment by Confession against Defendants, jointly and severally, in the amount of Eighty-Four-Thousand Dollars and Zero Cents ($84,000.00), less any payments made to date, as defined in the Agreement;

    c.    Under the terms of the Agreement, Defendants Gary Hoffman and Sheldon Hoffman each agreed to execute an Affidavit for Judgment by Confession on behalf of themselves and Defendants Andrew Jackson Realty and Sibling Management, to be held in escrow by Plaintiff's attorneys, Neil H. Greenberg & Associates, P.C.;

    d.    Plaintiff agreed that prior to entering any Judgment by Confession, Plaintiff would serve a written Notice of Default on Defendants, through their counsel of record in the Action;

    e.    Plaintiff further agreed that such Notice of Default would provide Defendants ten (10) business days to cure any such default and that Plaintiff will not be entitled to file the Affidavit of Judgment by Confession if Defendants cure the Default within said ten-day period.

7.    I hereby confess judgment in favor of Plaintiff and against myself and Defendants Andrew Jackson Realty and Sibling Management, jointly and severally, for the sum of Eighty-Four-Thousand Dollars and Zero Cents ($84,000.00), less any payments made to date, pursuant to the Settlement Agreement entered into between the parties in the Action, and hereby authorize Plaintiff, his heirs, executors, administrators, or assigns to enter judgment for that sum against ANDREW JACKSON REALTY CO., L.P., SIBLING MANAGEMENT INC., and SHELDON HOFFMAN, jointly and severally.

8.    In the event of such a Default and subsequent entry of Judgment by Confession, in addition to the confessed amount described in Paragraph 6, I agree to pay and be indebted to Plaintiff for the attorneys' fees and costs incurred in entering and enforcing the Judgment and interest on the Judgment.

- 3 -

9. This Affidavit for Judgment by Confession is not for the purpose of securing the plaintiff against a contingent liability nor is it based upon a consumer credit transaction.

Dated: _____, New York
_____, 2021

_____
SHELDON HOFFMAN, Individually, and on behalf of ANDREW JACKSON REALTY CO., L.P. and SIBLING MANAGEMENT INC.

STATE OF NEW YORK	)
	) ss.:
COUNTY OF _____	)

On _____, 2021, before me personally came SHELDON HOFFMAN, to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit for Judgment by Confession, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC